June 29, 1959.

No. 488. Scales v. United States.

Argued April 29, 1959.

*Telford Taylor* argued the cause for petitioner. With him on the brief was *McNeill Smith.*

*John F. Davis* argued the cause for the United States. On the brief were *Solicitor General Rankin, Acting Assistant Attorney General Yeagley, Kevin T. Maroney* and *Philip R. Monahan.*

It is ordered that this case be set for reargument at the 1959 Term to be heard on Thursday, November 19, 1959. Counsel are requested to address themselves to the following questions among others:

"(1) Is the Membership Clause of the Smith Act, 18 U. S. C. § 2385, valid under the Constitution of the United States if it be interpreted to permit a conviction based only on proof that the accused was a member of a society, group or assembly of persons described in the Act knowing the purposes thereof?

"(2) If not, is the Membership Clause constitutionally valid if interpreted as also requiring proof that the membership was accompanied by a specific intent of the accused to accomplish those purposes as speedily as circumstances would permit? Does the Smith Act permissibly bear such an interpretation?

"(3) If the Membership Clause would not be constitutionally valid as interpreted under (1) or (2), would the clause be constitutionally valid if interpreted as requiring as an element of the crime proof that the accused was an 'active' member? Does the Smith Act permissibly bear such an interpretation? If not, and if the clause be valid without such element, does a constitutional application of the Membership Clause depend upon any such requirement, and if so was such a requirement properly applied by the courts in this case?

"(4) Whether the 'clear and present danger' doctrine, as interpreted by counsel, has application to the Membership Clause, either with respect to the accused or with respect to the 'society, group, or assembly of persons' described in the statute. If applicable, whether such doctrine was or can now be, properly applied in this case.

"(5) Is § 4 (f) of the Internal Security Act, 50 USCA 780, a bar to the present prosecution? Counsel are requested to discuss the relevance of the registration provisions of that Act to this question."

Two hours are allotted to each side for oral argument.

Mr. Justice Clark.

There are some 13 indictments now pending in the courts awaiting our disposition of this case, and one being held here on petition for certiorari.[1] Involved is the validity of the clause in the Smith Act having to do with membership in the Communist Party.

The case first came here over three years ago. Certiorari was originally granted on March 26, 1956, 350 U. S. 992. After oral argument, the case was restored to the docket and ordered to be reargued, 353 U. S. 979. Prior to reargument, the Solicitor General filed a memorandum suggesting remand for a new trial under our intervening ruling in *Jencks* v. *United States,* 353 U. S. 657. This was done, 355 U. S. 1. After affirmance of a second conviction, we again granted certiorari, 358 U. S. 917, and on April 29, 1959, heard oral argument for the second time.

The Court poses some questions ostensibly for the guidance of counsel at the third argument. None involves the *"Jencks* question," so there must be no doubt in the Court's mind on that issue. In fact, all of the questions posed have been fairly covered by the two arguments already made by capable counsel. All the reargument

---

[1] *Noto* v. *United States,* No. 564 Misc., this Term.

does is cause inordinate delay. The case is as ready for disposition now as it will ever be, and we should not adjourn until it is handed down.

Much has been said of late of the law's delay, and criticism has been heaped on the courts for it. · This case affords a likely Exhibit A. It looks as if Scales' case, like *Jarndyce* v. *Jarndyce*,[2] will go on forever, only for the petitioner to reach his remedy, as did Richard Carstone there, through disposition by the Lord. .

---

[2] *Bleak House*, Charles Dickens.